**PAN–AMERICAN LIFE INSURANCE COMPANY, Appellant,**

v.

**Dr. Carlos Manuel Falla y ALVAREZ, Appellee.**

**No. 22230.**

United States Court of Appeals
Fifth Circuit.

March 9, 1967.

Rehearing Denied April 4, 1967.

James A. Dixon, Sam Daniels, Miami, Fla., for appellant.

Samuel L. Sheradsky, Miami, Fla., for appellee.

Before COLEMAN and DYER, Circuit Judges, and ESTES, District Judge.

---

DYER, Circuit Judge:

Dr. Alvarez brought suit against the defendant, Pan-American Life Insurance Company, to recover the cash surrender values and accumulated dividends on six life insurance policies.[1]

The applications for all the policies were made in Cuba. The applications and the policies when issued were all in the Spanish language. The applications were sent to the home office of the defendant in New Orleans, Louisiana, where they were accepted and the policies issued. The policies were then sent to the Cuban agent of the Company in Cuba, who authenticated the signature of the Company officers before a Cuban Notary before delivery to Dr. Alvarez.

The first four policies were originally issued as United States Dollar contracts with premiums and benefits payable at the company's home office in New Orleans. The latter two policies were Cuban peso contracts payable in Cuba. In 1952 the four dollar policies were amended by monetary agreements executed by the parties as follows:

"In consideration of the Pan-American Life Insurance Company accepting payments of the premiums on the above numbered policy in Cuban Currency in Cuba, in lieu of the payment of United States Dollars in New Orleans, Louisiana, it is requested that my policy be amended so that all premiums, all benefits and all claims payable under its terms be demandable and payable in the National currency of Cuba in Havana, Cuba on the basis of one Peso for each Dollar, required by the contract, and it is agreed that upon receipt of this request by the Pan-American Life Insurance Company, it shall become a part of the contract between the undersigned and the Company."

At the time that Dr. Alvarez made demand upon the defendant for payment of the cash values of the policies, the Cuban Peso was being bought and sold for 23 and 24½ cents American money.

In a non-jury trial the district court found that Dr. Alvarez had complied with all conditions precedent contained in the policies and had made demand for the cash values of the policies. Judgment was entered requiring the defendant to pay to Dr. Alvarez an American dollar for each Peso owed in Cuba on the theory that the "official exchange rate" required this, notwithstanding that the Cuban Peso was worth considerably less than a dollar at all times pertinent. The defendant appealed.

■ We had the identical situation here presented in Pan American Life Insurance Company v. Zabaleta, 5 Cir. 1966, 362 F.2d 167. There we said:

"The district court permitted recovery on a dollar for a peso basis. This conclusion was reached, as in the *Diego* case, on the 'official exchange rate' theory with which we have disagreed in *Diego* and must disagree with respect to Zabaleta. The district court also reached the conclusion that the one for one ratio was contemplated by the parties and made a part of the terms of the policy amendment. We are unpersuaded that, in 1952, when the amendment was made, it was contemplated by the parties that demand might be made for payment in dollars. Rather, we think, it was intended by the parties to change the obligation to pay a stated number of dollars to an obligation to pay a stated number of pesos, and this without regard to future variations in the respective values of the two currencies. In our opinion Miss Zabaleta should recover on the same basis as Diego, with her judgment measured by the dollar value of the pesos which she is entitled to have awarded under the policy provisions."

■■ Dr. Alvarez does not attempt to answer *Zabaleta*. He claims that the

1. Policy 254–900 issued February 23, 1964; Policy 324–766 issued April 14, 1939; Policy 387–428 issued March 16, 1944; Policy 414–798 issued April 25, 1946; Policy 441–506 issued August 4, 1947; and Policy 636–489 issued March 19, 1959.

peso monetary agreements were not properly executed. But this issue was not raised below and cannot be raised for the first time on appeal. Even had the issue been raised below, the failure of Dr. Alvarez to cross-assign error as to the district court's finding that the monetary agreements were properly executed precludes consideration of such contention on appeal. North Texas Producers Ass'n v. Metzger Dairies, Inc., 5 Cir. 1965, 348 F.2d 189.

*Zabaleta* was decided by this court after the district court decided this case. The judgment of the district court must be and it is reversed and remanded for reconsideration in the light of *Zabaleta*.

Reversed and remanded.